## Statement of the Case.

Action by Eugenie Lambert, trading as Madame Eugenie, plaintiff, against Mrs. L. M. Loomis, defendant, to recover for goods sold. To reverse a judgment for plaintiff for $63.50, defendant prosecutes this writ of error.

EDMUND D. CARTER, for plaintiff in error.

JAMES W. MRAZ, for defendant in error.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

SALES, § 329*—*when evidence insufficient to support verdict.* In an action to recover for goods sold, evidence *held* insufficient to support a verdict for plaintiff.

## Arbenz Car Company, Defendant in Error, v. Edward J. Ader, Plaintiff in Error.

### Gen. No. 22,179.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed June 27, 1917.

## Statement of the Case.

Action by the Arbenz Car Company, a corporation, plaintiff, against Edward J. Ader, defendant, to recover on a promissory note. To reverse a judgment

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for plaintiff for $481.50, defendant prosecutes this writ of error.

WILLIAM FRIEDMAN, for plaintiff in error.

FRANKLIN N. WOOD, for defendant in error.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

PRINCIPAL AND AGENT, § 103*—*when evidence shows notice to third person of lack of authority of agent to make settlement.* In an action to recover on a promissory note, as a defense to which was set up a settlement with plaintiff's agent, evidence *held* sufficient to show that defendant had notice that the agent had no authority to make the settlement.

---

### Rudolph Reuter, Plaintiff in Error, v. Fred A. Dolph et al. Fred A. Dolph, Defendant in Error.

### Gen. No. 22,187.

ALTERATION OF INSTRUMENTS, § 16*—*what constitutes material alteration of note releasing guarantor.* The addition to a note, originally payable in ninety days, of a power of attorney permitting a judgment to be confessed on the note at any time, before or after maturity, is a material alteration which releases one who, before the addition of the power, had indorsed upon the note a guarantee of its payment.

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed June 27, 1917.

WORTH ALLEN, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.